# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

TAMMY COOPER, surviving spouse )
and heir at law of )
GARY COOPER, deceased, )
                                       )
              Plaintiff, )
                                   )     No. 4:19-cv-00668-DGK
v. )
                                    )
FCA US LLC, )
                                    )
              Defendant. )

## ORDER DENYING MOTION FOR CHANGE OF VENUE

This case arises out of a motor-vehicle collision in Caplinger Mills, Cedar County, Missouri. Plaintiff Tammy Cooper alleges that Defendant FCA US's 2008 Dodge Ram 3500 Pickup Truck was defective in design (Doc. 1). This defect led to a roll-over accident, killing Gary Cooper. Now before the Court is Defendant FCA US's Motion for Change of Venue (Doc. 5). Defendant requests transfer from the Western Division to the Southern Division of the United States District Court for the Western District of Missouri. For the reasons set forth below, Defendant's motion for transfer of venue is DENIED, and its motion to stay is DENIED AS MOOT.

### Background

On August 23, 2019, Plaintiff filed her complaint in the Western Division alleging proper jurisdiction under 28 U.S.C. § 1332 because complete diversity exists among the parties and the matter in controversy exceeds $75,000 exclusive of interest and costs. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) (2012). Defendant is an LLC, and its residency is determined under § 1391(c)–(d). Defendant "shall be deemed to reside" in any judicial district where it would

be subject to personal jurisdiction. *Id.* Local Rule 3.2(b)(1) allows divisional venue of a single defendant in the division where Defendant resides. While Defendant does not dispute that divisional venue is proper in the Western Division under both § 1391 and L.R. 3.2, Defendant filed a motion for change of venue under 28 U.S.C. § 1404 (2012) (Doc. 5).

**Standard**

Section 1404 governs transfer of venue. It requires the district court to consider "the convenience of parties and witnesses" and the "interest of justice" when deciding whether to "transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A change-in-venue determination requires a "case-by-case evaluation of the particular circumstances at hand" and is not limited to the above factors. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (citations omitted). A change of venue is within the discretion of the district court and should not be freely granted. *Id.*

"In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking transfer under section 1404(a) typically bears the burden of proving that transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (citing *Terra Int'l*, 119 F.3d at 695). In making its determination, the court weighs a variety of factors, including the convenience of the parties; the convenience of the witnesses; the availability of the judicial process to compel the attendance of unwilling witnesses; governing law; ease of access to sources of proof; the possibility of delay or prejudice if the transfer is granted; and practical considerations determining where the case can be tried more expeditiously and inexpensively. *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985). Only where the balance of relevant factors weighs strongly in favor of the movant should the motion to transfer should be granted. *Id.*

**Discussion**

The threshold question in deciding a motion to transfer venue is whether the proposed forum is one where the plaintiff could have filed the case. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Here, Plaintiff could have filed this suit in the Southern Division. But after reviewing whether the "convenience of the parties and witnesses" and "the interest of justice" support transferring the case to the Southern Division, 28 U.S.C. § 1404(a), the Court finds Defendant cannot meet its burden of proving that the balance of interests weighs heavily in favor of transfer.

**I.     The convenience factors do not favor transfer.**

The Eighth Circuit has elaborated on the convenience factors and considers the following when deciding a motion to transfer venue:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Terra Int'l, Inc.*, 119 F.3d at 696. A review of these factors shows that, on balance, transfer will not significantly increase convenience for the parties or witnesses.

First, the Court considers the convenience to the parties. Plaintiff resides in the Western Division. Both parties have retained counsel from Kansas City, located within the Western Division. *Johnson v. Burlinton-Northern, Inc.*, 480 F. Supp. 259, 260 (W.D. Mo. 1979) (considering location of counsel as "[a]n important consideration" in a motion to transfer). Were the Court to transfer this case, Plaintiff and all counsel would be required to travel farther than they must now. This factor undeniably weighs against transfer.

Second, the Court considers the convenience to the witnesses. This factor is "the most important factor in the transfer analysis." *Ozarks Coca-Cola/Dr. Pepper Bottling Co. v. Coca-*

*Cola Co.*, No. 06-03056, 2006 WL 696461, at *4 (W.D. Mo. Mar. 17, 2006). "This factor involves not merely a consideration of the number of witnesses located in or near the respective forums, but the nature and quality of their testimony in relationship to the issues of the case." *Houk*, 613 F. Supp. at 928. As a result, Defendant bears the burden of clearly specifying "key witnesses to be called" and "indicat[ing] what their testimony will entail." *Id*.

In doing so, Defendant identifies thirteen fact witnesses "likely" to be deemed material and lists their names, job titles or descriptions, and places of residence or business addresses. It lists six investigating officers; two emergency medical technicians; one tow-truck driver; three scene witnesses; and a coroner. Of these thirteen witnesses, twelve live within the Southern Division: nine witnesses list an address in Stockton, Missouri; two in El Dorado Springs, Missouri; and one in Jerico Springs, Missouri.

Plaintiff does not dispute that these witnesses may be relevant, but instead argues that the inconvenience does not rise to the level necessary to justify a transfer. Indeed, for those witnesses who live in Stockton, the difference in driving time between Springfield and Kansas City is just over one hour. For those in El Dorado Springs and Jerico Springs, the difference is about thirty minutes. This factor, therefore, only slightly favors transfer.

Third, Defendant claims transfer would allow better accessibility to documents and records, including police reports and medical-examiner reports. But "many records, or copies thereof, are easily transported, [so] their location is not entitled to great weight." *Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 264 (W.D. Mo. 1980). Defendant also claims other physical evidence crucial to the case is likely located in the Southern Division but fails to identify that evidence and explain why it could not easily be transported. For those reasons, this factor weighs against transfer.

Fourth, the Court considers the location of the events alleged in the complaint. While the location of the collision, injury, and death did occur in the Southern Division, this factor bears less on propriety of transfer where transfer is sought from one venue to another within the same district. *See Simpkins v. Univ. of Kansas Hospital*, No. 2:16-CV-04009-NKL, 2016 WL 738229, at *3 (W.D. Mo. Feb. 23, 2016). This factor, therefore, weighs against transfer.

Finally, the fifth factor—the applicability of Missouri law—weighs against transfer and is not disputed by the parties. After reviewing the five convenience factors, this Court finds two factors to slightly favor transfer. Because Defendant's burden is to show that the factors weigh more than just slightly in favor of transfer, it has failed to meet its burden.

## II. The interest of justice does not favor transfer.

Next the Court turns to an analysis of the interest of justice in deciding transfer. In determining whether transfer serves "the interest of justice," the Court looks to:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Terra Int'l, Inc.*, 119 F.3d at 696. The parties concede that only two factors are relevant to the present action: Plaintiffs' choice of forum and the obstacles to a fair trial in the Western Division.

Again, the Court starts with a strong presumption that Plaintiffs' choice of forum will not be disturbed. *See Houk*, 613 F. Supp. at 927 ("In any determination of a motion to transfer under § 1404(a), the plaintiff's choice of forum is entitled to great weight, and will not lightly be disturbed . . . . [U]nless [the] balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed.").

Here, Defendant alleges justice requires transfer because the Southern Division has a direct interest in adjudicating the death that occurred on one of its roadways, and that it would be "unjust"

5

to have residents of Kansas City hear the case when they have "no connection, interest, or familiarity with the accident location." In essence, Defendant argues that because citizens of the Western Division lack connection, interest, and familiarity with Coplinger Mills, they cannot be fair and impartial.

This argument is unavailing. It is the finding of a correct venue—which Plaintiff did here—that dictates whether the jury to hear the case is the appropriate one. It is not the connections, interests, or familiarity a jury may or may not have with the accident location. Here, Plaintiff chose the forum because it is the place she resides, and the forum she chose is proper. Hearing this case in the Western Division is not an obstacle to a fair trial.

After considering all the factors, the Court determines that the convenience factors slightly favor transfer, but the interest of justice does not. Transfer would, at best, alleviate minor inconveniences to the named Defendant's witnesses. Therefore, the Court finds that Defendant has not met its burden.

## Conclusion

Defendant has failed to make the showing necessary to disturb Plaintiffs' choice of forum. The motion to transfer venue (Doc. 6) is DENIED. Moreover, because this matter has now been resolved, Defendant's motion to stay discovery is DENIED AS MOOT.

**IT IS SO ORDERED.**

DATE:  December 20, 2019             /s/ Greg Kays
                                     GREG KAYS, JUDGE
                                     UNITED STATES DISTRICT COURT