IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TAMMY COOPER, surviving spouse and heir at law of GARY COOPER, deceased,<br><br>     Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>     Defendant. | No. 4:19-cv-00668-DGK |

## ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPROVAL OF WRONGFUL-DEATH SETTLEMENT

This products-liability lawsuit arises from the death of Gary Cooper when the 2008 Dodge Ram 3500 pickup truck he was driving left the roadway and rolled over. Plaintiff Tammy Cooper, Mr. Cooper's widow, alleges that during the subsequent rollover sequence, the roof and roof support structures crushed unreasonably into the occupant protection space and the seatbelt restraint system failed to keep him in a seated position, causing his death.

Now before the Court are the parties' Joint Application for Approval of Settlement of a Wrongful Death Claim (Doc. 55), motion for relief from the Court's prior order (Doc. 58), and request for hearing (Doc. 60). Because the existing record is insufficient to approve the settlement, the motion is DENIED WITHOUT PREJUDICE. The motion for relief from the Court's order is DENIED, and a hearing is DENIED.

**Background**

On July 13, 2020, the parties' mediator notified the Court that the case had settled subject to documentation. The parties' subsequently contacted the Court for guidance on whether a hearing was necessary to obtain Court approval of the settlement. On July 24, 2020, the Court

issued a text order stating that "[t]o facilitate the Court's approval of the settlement without a hearing, the parties shall submit a motion to approve settlement and file the settlement agreement and fee agreement" (Doc. 52). That same day, the parties filed a joint motion (Doc. 53) seeking to file the motion under seal. In its order granting the motion (Doc. 54), the Court directed the parties "to file a redacted settlement agreement, wherein all dollar amounts have been redacted" along with an unredacted copy for the Court to review *in camera*. Order at 1.

On July 27, 2020, the parties filed the pending motion for approval of settlement. It states as follows:

> 1. This wrongful death action is brought by Tammy Cooper, surviving spouse and heir-at-law of Gary Cooper.
>
> 2. Other heirs-at-law of Gary Cooper are: Kyle Cooper (Gary's adult son) and Wayne and Carol Cooper (Gary's parents).
>
> 3. There are no other heirs or potential wrongful death beneficiary class members entitled to recover for the wrongful death of Gary Cooper under RSMo. § 537.080.
>
> 4. Plaintiff has employed counsel and thoroughly investigated the facts and circumstances of the subject occurrence and death of Gary Cooper, along with the potential elements of damages as set forth in RSMo. §537.090.
>
> 5. Plaintiff has reached a proposed settlement with defendant FCA US, LLC on behalf of all the heirs-at-law of Gary Cooper. The terms and amount of the settlement will be provided to the Court *in camera*.
>
> 6. Plaintiff requests that the Court enter an Order approving apportionment of the net settlement proceeds (after deducting attorneys' fees and litigation expenses) as agreed to by the heirs-at-law of Gary Cooper, as follows: Sixty-five percent (65%) to Tammy Cooper; twenty-two and one-half percent (22.5%) to Kyle Cooper; and the remaining twelve and one-half percent (12.5%) to Wayne and Carol Cooper jointly.

7. The persons identified herein (1) are the only persons entitled to sue or join or ultimately share in the benefits of the proposed settlement; and (2) have all given their approval of the proposed settlement and apportionment.

8. Plaintiff believes the apportionment described above is fair, reasonable, and in proportion to the losses suffered by the decedent's heirs-at-law.

9. Plaintiff understands that by reaching the proposed settlement with defendant FCA US, LLC she is releasing all claims against it arising from the death of Gary Cooper and is waiving her right to have the case decided by a jury.

10. Plaintiff seeks to file this application under seal pursuant to her confidentiality obligation under the Settlement Agreement and Release, which the parties are finalizing (though agreements on the material terms have been reached).

11. Defendant FCA US, LLC does not oppose this application.

WHEREFORE, the parties respectfully move the Court to enter an Order pursuant to RSMo. § 537.095 approving the proposed apportionment of the net settlement proceeds and authorizing Plaintiff's counsel to collect and distribute payment as described herein.

Joint Appl. at 1–2 (emphasis added). The next day, Plaintiff's counsel sent an email to the Court stating:

> Plaintiff has filed the parties' Joint Application for Approval of Wrongful Death Settlement (under seal) in this case. As a follow up, I'm sending the following documents for the Court to review *in camera*, which is our typical practice.
>
> The documents attached include:
> (1) the memo of agreement reached at mediation, which includes the material terms of the parties' resolution;
> (2) Plaintiff's counsel's case expense report;

> (3) Plaintiff's counsel's fee agreement, which states a 40% gross fee for a settlement obtained after suit is filed but before trial begins; and
>
> (4) a worksheet detailing the proposed settlement distribution.
>
> Defense counsel doesn't object to our providing fee and case expense info privately to the court *in camera*, due to attorney/client privilege and proprietary concerns. We are working on a proposed order, which I will email to you when it is ready.
>
> Let me know if the Court has any questions.

Attached to the email were the four documents described above; however, there were no affidavits attesting to the facts alleged (e.g., "[t]here are no other heirs or potential wrongful death beneficiary class members entitled to recover for the wrongful death of Gary Cooper under RSMo § 537.080;" "[t]he persons identified herein . . . have all given their approval of the proposed settlement and apportionment.").

## Discussion

Under Missouri law, a wrongful-death settlement requires court approval. Mo. Rev. Stat. § 537.095.1. To obtain approval, a plaintiff must demonstrate that: (1) she diligently attempted to notify all spouses, children, and parents of the decedent, and if none of those relatives survive, then the siblings of the decedent, *id.*; *id.* § 537.080.1; (2) the settlement amount is fair and reasonable, *see id.* § 537.095.3; and (3) the attorneys' fees are paid in accordance with the Missouri Rules of Professional Conduct, *see id.* § 537.095.4(2); *see, e.g.*, *Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 435 (8th Cir. 2010).

In the present case, two deficiencies in the record must be cured before the Court can approve the settlement. First, there are no affidavits attesting to the facts asserted in the motion for settlement approval. For example, there are no sworn statements from the various family members attesting that they do, in fact, approve of the proposed settlement and its apportionment

between them.  Further, there are no sworn statements indicating that there are no other heirs.  Any factual assertions made in the motion for approval must be supported by affidavits from a competent witness.

Second, the supporting documentation provided by Plaintiff's counsel has not been filed with the Court.[1]  While it may be counsel's typical practice to submit the above documents in camera, the Court's practice is for them to be filed on the record, and if filed under seal, for counsel to also file redacted versions which will be available for public viewing.

The parties also seek relief from this Court's order that they file a redacted settlement agreement.  They argue that confidentiality is a material term allowing the amicable resolution of the case, and that Defendant's face significant prejudice in future suits should the terms of this agreement be made public.  These arguments are unavailing.

There is a clear presumption "in favor of public access to judicial records."  *Nixon v. Warner Commc'ns*, 435 U.S. 589, 602 (1978).  Indeed, the Eighth Circuit has instructed courts to apply a balancing test "[w]here the common-law right of access in implicated," weighing the interests served by public access—including the public's interest in "an open court system"—against the interests served by keeping the judicial record confidential.  *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013).  Here, the parties fail to adequately show how filing a redacted settlement agreement is so grievously injurious that it overcomes the common-law right to access in an open court system.  The motion is DENIED.

**IT IS SO ORDERED.**

DATE:   September 8, 2020                                        /s/ Greg Kays
                                                                 GREG KAYS, JUDGE
                                                                 UNITED STATES DISTRICT COURT

---

[1] The parties should also file redacted versions of these documents for public viewing.