## IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| TAMMY COOPER, surviving spouse and heir at law of GARY COOPER, deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 4:19-CV-00668-DGK |
| | ) | |
| FCA US LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER APPROVING WRONGFUL DEATH SETTLMENT

This case arises from the death of Gary Cooper ("Mr. Cooper"), who passed away after a single-vehicle rollover accident. Plaintiff Tammy Cooper ("Plaintiff") brought a wrongful-death lawsuit against Defendant FCA US LLC ("Defendant"), the designer and seller of Mr. Cooper's vehicle, on her own behalf and on behalf of Mr. Cooper's heirs at law, including his adult child and parents.

Following mediation, the parties reached a proposed settlement which would resolve all the wrongful-death beneficiaries' claims against Defendant. Now before the Court is the parties' Joint Motion to Approve Wrongful Death Settlement (Doc. 62).

Under Missouri law, a wrongful death settlement requires court approval. *See* Mo. Rev. Stat. § 537.095. To obtain approval, a plaintiff must demonstrate that (1) he or she diligently attempted to notify all spouses, children, and parents of the decedent, and if none of those relatives survive, then the siblings of the decedent, *id.*; *id.* § 537.080.1; (2) the settlement amount is fair and reasonable, *see id.* § 537.095.3; and (3) the attorneys' fees are paid in accordance with the Missouri Rules of Professional Conduct, *see id.* § 537.095.4(2); *see, e.g.*, *Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 435 (8th Cir. 2010).

The Court holds the parties have demonstrated the settlement complies with Missouri law. First, Plaintiff has fulfilled the notice requirement because the settlement covers all potential wrongful-death beneficiaries: Plaintiff contacted Mr. Cooper's adult son and parents, all of whom testified that Mr. Cooper had no other heirs or potential wrongful-death beneficiaries (Docs. 61-1–3).

Second, the Court finds the gross settlement amount to be fair and reasonable under the facts and circumstances of this case. Plaintiff expressed the emotional toll a potential trial would take on her health and well-being. Further, the Court considered the affidavits filed by Richard McLeod who mediated the case and Plaintiff's counsel and found the settlement amount to be a good outcome for the wrongful-death beneficiaries. At the very least, the settlement amount is reasonable. The Court also finds the apportionment of the proceeds between the beneficiaries— Plaintiff receiving 65%, Mr. Cooper's adult child receiving 22.5%, and his parents jointly receiving 12.5%—is fair and reasonable.

The third question, whether the attorneys' fees charged are in accord with the Missouri Rules of Professional Conduct, is a closer call. The fee arrangement is a bona fide written contingency fee agreement between the beneficiaries and the law firm of Hunter & Cassidy, LLC (Doc. 62-7). Based on the affidavits of Plaintiff's counsel, the mediator, and respected attorney Steve Garner, the Court finds the contingency-fee arrangement apportioning forty percent of the settlement to Plaintiff's counsel to be reasonable. Indeed, all three emphasize the riskiness involved with vehicle product-liability cases and indicate that such a risk underscores the reasonableness of the fee arrangement.

Plaintiff's counsel Scott Nutter provided the Court with a detailed account of the work he and his firm performed for Plaintiff leading to the settlement, including interviewing crash

investigators, reviewing reports, retaining experts, and performing crash tests (Doc. 62-10).  This indicates a substantial amount of work was done before the case was filed, and the Court records indicate Plaintiff's counsel diligently participated in the discovery process after the case was filed.  Thus, the Court finds the requested fees do not violate the Missouri Rules of Professional Conduct.  Accordingly, the third element is satisfied.

Because the parties have demonstrated the settlement complies with Missouri law, the parties' Joint Motion to Approve Wrongful Death Settlement is GRANTED.  After deducting attorneys' fees and expenses, the Court approves the apportionment as expressed above.

**IT IS SO ORDERED.**

Date:  October 1, 2020                          /s/ Greg Kays
                                                GREG KAYS, JUDGE
                                                UNITED STATES DISTRICT COURT